## Melvin ANDERSON, Plaintiff,

v.

## U.S. MARSHALS SERVICE, et al., Defendants.

## Civil Action No. 96–0460(SS).

United States District Court, District of Columbia.

Oct. 24, 1996.

---

Melvin Anderson, Jesup Federal Correctional Institution, Jesup, GA, Pro Se.

Darya Geetter, U.S. Attorney's Office, Washington, DC, for Defendants.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on defendants' motion for summary judgment. Plaintiff is proceeding *pro se* in this matter. In his complaint, plaintiff seeks injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1994), to obtain from the U.S. Marshals Service ("USMS"), the Executive Office of United States Attorneys ("EOUSA"), and the Federal Bureau of Prisons (BOP) records relating to him.

The plaintiff seeks an order from this Court under FOIA requiring the defendants to disclose a copy of a court order authorizing his release to the USMS from April 28, 1992 to August 13, 1992, and all other rec-

ords pertaining to the plaintiff. The defendants respond that all available records have been released pursuant to FOIA and move for summary judgment on the grounds that there are no material facts in dispute and defendants are entitled to judgement in their favor as a matter of law. Fed.R.Civ.P. 56.

## BACKGROUND

By a letter dated October 14, 1994, the plaintiff sent a request to the U.S. Marshal Service ("USMS") for a copy of all records pertaining to him from September 1987 to the present. After a search of its records, the USMS found 129 pages of material pertaining to the plaintiff. The USMS processed 101 pages of the material. The remaining 28 pages of material originated in other departments and were referred to those departments for their review: the Executive Office of U.S. Attorneys ("EOUSA") (5 pages); the Federal Bureau of Prisons ("BOP") (22 pages); and the Federal Bureau of Investigations [1] ("FBI") (1 page).

After processing the records, the USMS, EOUSA, and BOP, sent the plaintiff approximately 93 pages of records in full and 35 pages of records in part. The USMS, EOUSA, and BOP explained to the plaintiff that certain information was being withheld pursuant to exemptions under FOIA and the Privacy Act.

## SUMMARY JUDGMENT STANDARDS

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mere allegations or denials of the adverse party's pleadings are not enough to prevent issuance of summary judgment. The adverse party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.Pro. 56(e).

---

1. The FBI is not a party to this action. The plaintiffs FOIA request to the FBI is being litigated in *Anderson v. Louis Freeh,* Civil Action No. 95–2341 (CRR).

The Supreme Court set forth the governing standards for issuance of summary judgment in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In *Celotex,* the Supreme Court recognized the vital need for summary judgment motions to the fair and efficient functioning of the justice system:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Fed.Rule Civ.Proc. 1 . . . .
>
> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Id.* at 327, 106 S.Ct. at 2555 (citation omitted).

The moving party is entitled to summary judgment where "the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex* at 323, 106 S.Ct. at 2553. Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the non-moving party through affidavits or other documentary evidence. See Local Rule 108(h).

In resolving the summary judgment motion, all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). The inferences, however, must be reasonable, and the non-moving party can only defeat a motion for summary judgment by responding with some factual showing to create a genuine issue of material fact. *Harding v. Gray,* 9 F.3d 150, 154 (D.C.Cir.1993). The non-movant has met its burden of showing that a dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Laningham v. U.S. Navy,* 813 F.2d 1236, 1241 (D.C.Cir.1987) *(per curiam )* (citing *Anderson, supra* ).

### ANALYSIS AND DECISION

This Court finds that the USMS, EOUSA and BOP properly withheld certain documents relating to the plaintiff under FOIA exemptions 7(C) and 7(F) and under the Privacy Act. Additionally, this Court finds that the USMS, EOUSA, and BOP conducted a proper search of their records under FOIA, and that they have disclosed all documents to the plaintiff to which he is entitled. Therefore, the Court grants the defendant's motion for summary judgement.

*1. FOIA and Privacy Act Exemptions*

*a. Privacy Act Exemptions Invoked by USMS and EOUSA*

The Privacy Act ("PA") Exemption (j)(2) allows an agency by regulation to exempt records from mandatory disclosure "pertaining to the enforcement of criminal law . . . which consists of . . . information compiled for the purpose of a criminal investigation . . . [or] reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws." 5 U.S.C. § 552a(j)(2) (1988).

█ The USMS searched for records responsive to the plaintiff's request in its Prisoner Transportation System Justice/USM–003; Prisoner Processing and Population Management System, JUSTICE/USM–007 and the Witness Security Files Information, JUSTICE/USM–008. The USMS withheld from the plaintiff all records found in these files. The EOUSA also searched for records responsive to the plaintiff's request in its Criminal Case Files, Department of Justice Privacy Act System of Records (Justice/USA–007). The EOUSA withheld all records found in these files from the plaintiff. Because all of these systems of records are exempted from FOIA pursuant to Privacy

Act Exemption (j)(2), *See* 28 C.F.R. § 16.81 (1996), the USMS and EOUSA acted properly in withholding this information from the plaintiff.

### b. FOIA Exemption 7(C) Invoked by USMS and EOUSA

FOIA Exemption 7(C) protects "records or information compiled for law enforcement purposes" to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. Section 552(b)(7)(C). Exemption 7(C) may be used to preserve the secrecy of information that could conceivably subject public officials to annoyance or harassment. *Lesar v. United States Dep't of Justice,* 636 F.2d 472, 487 (D.C.Cir.1980).

■ Here, Exemption 7(C) was asserted by the USMS to withhold the names of federal and state law enforcement officers and other government personnel as well as the names and register numbers of prisoners other than the plaintiff. As the USMS properly points out, these individuals have privacy rights which must be respected, so as not to subject them to annoyance or harassment. *Lesar,* 636 F.2d at 487 (D.C.Cir.1980). Therefore, exemption 7(C) was properly invoked by the USMS.

■ The EOUSA invoked exception 7(C) to protect the identities of personnel who participated in the investigation. Plaintiff does not challenge EOUSA's representation that the personnel in question had participated in the investigation. This Court holds, therefore, that the EOUSA properly invoked exemption 7(C). *Lesar,* 636 F.2d at 487 (D.C.Cir.1980).

### c. FOIA Exemption 7(F) Invoked by BOP

■ FOIA Exemption 7(F) protects "records or information compiled for law enforcement purposes" to the extent that disclosure "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. Section 552(b)(7)(F). In this case, the BOP redacted information relating to the plaintiff's Central Inmate Monitoring status, including the identity and location of an individual who required separation from the Plaintiff. This Court finds that the disclosure of such information could reasonably be expected to endanger the safety of that individual, and therefore finds that the BOP properly invoked Exemption 7(F).

### 2. The Copy of the Court Order

In his complaint, Plaintiff claims that the defendants are in possession of a court order that authorized his transfer from the BOP from April 28, 1992 until August 13, 1992. The USMS, BOP and EOUSA respond that their searches have found no such document.

■ An agency "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Department of the Army,* 920 F.2d 57, 68 (D.C.Cir.1990). The fundamental question is not " 'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.' " *Steinberg v. United States Dep't of Justice,* 23 F.3d 548, 551 (D.C.Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice,* 745 F.2d 1476, 1485 (D.C.Cir.1984)). Further, a requester's " '[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them.' " *Steinberg v. United States Dep't of Justice,* 23 F.3d 548, 552 (D.C.Cir.1994) (quoting *SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1201 (D.C.Cir.1991)). The USMS, EOUSA, and BOP contend that their searches were reasonable and undertaken in good faith. Plaintiff, in his reply brief alleges no specific evidence that the USMS, BOP, or EOUSA are in possession of the court order. This court finds that the USMS, BOP, and EOUSA conducted a reasonable search, and thus have satisfied their responsibilities under FOIA.

### CONCLUSION

The Defendants have responded appropriately to Plaintiff's FOIA request. They have produced all responsive information not subject to exemption. Plaintiff has failed to

make a factual showing to create a genuine issue of material fact. Defendants' motion for summary judgment will, therefore, be granted, and Plaintiff's cross-motion for summary judgment will be denied. An appropriate order is attached hereto.

### ORDER

This matter comes before the Court on Defendants' motion for summary judgment, and Plaintiff's cross-motion for summary judgment. For the reasons stated in the attached Memorandum Opinion, it is hereby **ORDERED** that Defendants' motion for summary judgment be **GRANTED;** Plaintiff's motion for summary judgment be **DE-NIED;** and that this case be **DISMISSED.**