129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank KUCERNAK, Plaintiff-Appellant,
v.
The FEDERAL BUREAU OF INVESTIGATION; National Security
Agency; Central Intelligence Agency Defendants-Appellees.
 No. 96-17143.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-93-00230-PGR; Paul G. Rosenblatt, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frank and Assia Kucernak appeal pro se the district court's summary judgment in favor of the Federal Bureau of Investigation ("FBI"), the National Security Agency ("NSA"), and the Central Intelligence Agency ("CIA") in the Kucernaks' action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 701. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * In this FOIA case, the Kucernaks filed FOIA requests with the FBI, NSA, and CIA for documents allegedly containing inaccurate and damaging information that caused Frank Kucernak's employers to lay him off and potential employers not to hire him. In response, the FBI released 165 redacted pages of documents and withheld portions citing exemptions under 5 U.S.C. 552(b)(1), (2), (3), (7)(C) & D. The Kucernaks allege that the Vaughn indices submitted by the FBI were insufficient and that the agencies failed to conduct adequate searches in response to their FOIA requests.
 
 II
 
 4
 The Kucernaks challenge the sufficiency of the "Vaughn indices" submitted by the FBI, but do not identify any specific FOIA exemption improperly invoked by the agency. Government agencies seeking to withhold documents requested under the FOIA are required to supply the opposing party with a Vaughn index "identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." Wiener v. FBI, 943 F.2d 972, 977 (9th Cir.1991). "Specificity is the defining requirement of the Vaughn index." Id. at 979.
 
 
 5
 The FBI's declarations and indices set out specific document descriptions for each document (e.g., RAP sheet, FBI investigative memoranda, and background check), a description of the particular information withheld (e.g., FBI support personnel and sources given an express assurance of confidentiality), and an explanation of how disclosure would jeopardize the purposes of each exemption. Therefore, we find that the FBI Vaughn indices supplied a more than adequate factual and legal basis for the withholdings, meeting the requirements set out in Wiener. Additionally, because the Vaughn indices provided the district court with "an adequate foundation to review the soundness of the withholding," id. at 977, in camera review is unnecessary. See id. at 979 (court should not consider in camera review if the Vaughn index can adequately resolve the issue); see also Church of Scientology v. United States Dep't of Army, 611 F.2d 738, 742 (9th Cir.1979) ("If the agency supplies a reasonably detailed affidavit ... then the district court need look no further in determining whether an exemption applied.").
 
 III
 
 6
 The Kucernaks allege that the agencies did not conduct an adequate search for the documents requested. As stated in Zemansky v. United States Environmental Protection Agency, "[t]he agency must demonstrate that it has conducted a 'search reasonably calculated to uncover all relevant documents.' Further, the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." 767 F.2d 569, 571 (9th Cir.1985) (citations omitted); see Maynard v. CIA, 986 F.2d 547, 563 (1st Cir.1993) (CIA not required to search every record system or search for every cross reference). For the purposes of summary judgment, affidavits describing the agencies' search procedures are sufficient "if they are relatively detailed in their description of the files searched and the search procedures, and if they are nonconclusory and not impugned by evidence of bad faith." Zemansky, 767 F.2d at 573.
 
 
 7
 In this case, the affidavits give detailed descriptions of the search procedures and files searched by each agency. For example, the NSA searched its largest and most comprehensive file system, the NSA's personal security system. (Goldsmith Decl. at 2-4). When Kucernak submitted additional information about his place of birth, Czechoslovakia, the NSA conducted another search of its Operations files which contain information on individuals relating to foreign intelligence and counterintelligence. Id. The CIA conducted searches in three different file systems, the Directorate of Operations, the Office of Security, and the Directorate of Intelligence, having determined that these record systems were the most likely to contain responsive documents. (Wright Decl. at 3, 5). The FBI searched its main record system, the "Central Records System." (Bolthouse 2nd Decl. at 2-4). Additionally, it searched the indices to the files in its Phoenix Office because Kucernak specifically requested this search. Id. We are satisfied that each agency presented detailed, nonconclusory affidavits demonstrating the reasonableness of their searches.
 
 
 8
 Because the affidavits were detailed and nonconclusory, they are sufficient for purposes of summary judgment unless Kucernak presented evidence of bad faith. Zemansky, 767 F.2d at 573. Kucernak made allegations of bad faith, accusing the agencies of withholding and destroying documents; However, these allegations were entirely unsupported by evidence. Mere allegations that the government is shielding or destroying documents does not undermine the adequacy of the sworn affidavits attesting to the good faith and adequacy of the search. Id.; see also Steinberg v. Department of Justice, 23 F.3d 548, 552 (D.C.Cir.1994). Therefore, we agree with the the district court that the affidavits were sufficient to support summary judgment on the issue of adequacy of the agencies' searches.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3