Robert DAVIDSON, Plaintiff,

v.

ENVIRONMENTAL PROTECTION AGENCY, Defendant.

No. CIV. A. 00–1085 (RCL).

United States District Court, District of Columbia.

Oct. 20, 2000.

Robert Dale Davidson, Pro Se, for Plaintiff.

W. Mark Nebeker, Assistant U.S. Attorney, Washington, DC, for Defendant.

*MEMORANDUM AND ORDER*

LAMBERTH, District Judge.

■ This Freedom of Information Act case is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment. In its motion, defendant Environmental Protection Agency ("EPA") asserts that it located no records responsive to plaintiff's request. In a FOIA case, the Court may award summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C.Cir.1981).

■ In support of defendant's motion, the agency offers the declaration of Stephanie Kercheval, the FOIA Officer for EPA Region 10 in Seattle, Washington. In order to be entitled to summary judgment for its "no records" response, defendant must establish that it located no records responsive to plaintiff's request after a reasonable search using "methods reasonably expected to produce the information requested." *Oglesby v. United States Dep't of the Army,* 920 F.2d 57, 68 (D.C.Cir.1990). The declaration need not "set forth with meticulous documentation the details of an epic search for the requested records," *Perry v. Block,* 684 F.2d 121, 127 (D.C.Cir.1982), but must show "that the search method was reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice,* 745 F.2d 1476, 1485 (D.C.Cir. 1984).

Plaintiff requested a specific toxic waste manifest allegedly issued by the EPA in 1991. He has provided a date on which hazardous waste was transported from the site (December 22–23, 1991), a precise location on Ede Road in Linn County, Oregon, the name of the company that transported the hazardous waste (Chemical Waste Management of the Northwest), and the waste generator's EPA identification number. Defendant states that the Office of Environmental Cleanup and the Office of Waste and Chemical Management for EPA Region 10 each conducted a search and found no records responsive to plaintiff's request. *See* Declaration of Stephanie Kercheval ("Kercheval Decl."), ¶¶ 12, 15. This is precisely the type of description that the Court of Appeals has described as "conclusory and unilluminating" and therefore unacceptable. *Steinberg v. United States Dep't of Justice,* 23 F.3d 548, 552 (D.C.Cir.1994).

The EPA does not explain why responsive records would likely be located only in the offices to which plaintiff's FOIA request was assigned and none others. Moreover, the agency does not identify which records were searched in the two offices and what terms or methods were used in conducting those searches.[1] *See Steinberg v. United States Dep't of Justice,* 23 F.3d 548, 552 (D.C.Cir.1994) (description of search inadequate where it fails "to describe in any detail what records were searched, by whom, and through what process"). Because plaintiff is searching for a specific toxic waste manifest, defendant must, at a minimum, explain its procedure for issuing and retaining such manifests and what reasonable methods it used to locate the one requested by plaintiff. Accordingly, defendant's motion must be denied.

By denying defendant's motion, the Court only finds that defendant has failed

---

**1.** Although the declaration states that it is based on personal knowledge, the conclusory description of the searches suggest that the declarant has no knowledge of what records were searched in those offices and how those records were searched. *See* Kercheval Decl., ¶¶ 12, 15.

to establish by affidavit or declaration that it conducted an adequate search for responsive records. In fact, defendant may have conducted an adequate search and needs only to better explain its search methodology and parameters to establish that its search was adequate. Alternatively, defendant may not have conducted an adequate search and must take whatever steps are necessary to perform an adequate search and produce any responsive records it may find. In either event, defendant will be required to file a renewed motion for summary judgment with sufficiently detailed supporting affidavits or declarations. If defendant fails to establish that it has conducted an adequate search on its renewed motion for summary judgment, the Court will consider whether appointment of counsel will be necessary to depose agency officials on the adequacy of its search. Consequently, the Court will not decide whether plaintiff has "substantially prevailed" for purposes of being awarded costs and any attorney fees that may need to be incurred in the future.

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss or, in the alternative, for summary judgment [# 13] is DENIED; and it is

FURTHER ORDERED that defendant shall file a renewed motion for summary judgment no later than November 30, 2000.

SO ORDERED.