**Jack CHILINGIRIAN, Plaintiff–Appellant,**

v.

**UNITED STATES ATTORNEY EXECUTIVE OFFICE, United States Attorney's Office for the Eastern District of Michigan, and United States Department of Justice Asset Forfeiture and Money Laundering Section, Defendants–Appellees.**

No. 02–2331.

United States Court of Appeals,
Sixth Circuit.

Aug. 11, 2003.

Before KEITH and COLE, Circuit Judges; and WEBER, District Judge.*

*ORDER*

Jack Chilingirian, a federal prisoner, appeals pro se the summary judgment for defendants in an action filed pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Chilingirian, a former practicing attorney, is serving a federal sentence resulting from his conviction of a money laundering

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

conspiracy. It is his belief that a policy of the U.S. Attorney's office at the time he was indicted required the U.S. Attorney to write a memo requesting permission from the Department of Justice Money Laundering Section to indict an attorney for money laundering, and to receive authorization in writing. By way of this action, he seeks copies of such documents in his case. He made several requests for discovery of defendants. Defendants moved for summary judgment, attaching affidavits detailing the search for such documents that had been conducted in response to Chilingirian's FOIA request. In short, defendants reported that they were unable to locate any such documents. Additionally, the affidavits indicate that the U.S. Attorneys who handled Chilingirian's case were contacted, although they no longer work for the office, and that both attorneys indicated they had spoken on the telephone with the Department of Justice about Chilingirian's case, but had not corresponded with that office in writing.

The district court granted defendants' motion for summary judgment, and found Chilingirian's requests for discovery moot. On appeal, Chilingirian argues that summary judgment was improper because defendants failed to make a reasonable search of their records, and that he should have been permitted to conduct discovery.

Upon consideration, we conclude that the summary judgment for defendants must be affirmed, as Chilingirian raises no genuine issue of material fact with regard to the adequacy of the search for records conducted by defendants in response to his request. *Steinberg v. U.S. Dep't of Justice,* 23 F.3d 548, 551 (D.C.Cir.1994). Defendants in this case properly supported their motion for summary judgment with detailed and non-conclusory affidavits indicating that they had conducted reasonable searches. *Becker v. I.R.S.,* 34 F.3d 398,

406 (7th Cir.1994). Agency affidavits are entitled to a presumption of good faith. *U.S. Dep't of State v. Ray,* 502 U.S. 164, 179, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991). The record shows that defendants went beyond the requirements of a reasonable search by contacting the attorneys who might know of the existence of the records, even though they were no longer employed by defendants. *Cf. Valencia–Lucena v. U.S. Coast Guard,* 180 F.3d 321, 328 (D.C.Cir.1999).

The fact that defendants' search failed to turn up the documents requested does not render the search inadequate; the adequacy of the search is determined by the appropriateness of the method employed. *Iturralde v. Comptroller of Currency,* 315 F.3d 311, 315 (D.C.Cir.2003). Chilingirian's speculation that the documents requested must exist also does not establish that the search was unreasonable. *Steinberg,* 23 F.3d at 552. Chilingirian's vague argument that defendants were required to search the records of other agencies was also properly rejected by the district court. *U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 145–46, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989).

Finally, the district court properly concluded that Chilingirian was not entitled to discovery in this case because he did not establish bad faith on the part of defendants. *Carney v. U.S. Dep't of Justice,* 19 F.3d 807, 812 (2d Cir.1994).

For all of the above reasons, the summary judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.