**Gary L. DILLARD, Plaintiff–Appellant,**

v.

**DEPARTMENT OF THE TREASURY, BATF; et al., Defendants–Appellees.**

No. 03–5641.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2004.

Gary L. Dillard, pro se, Central City, KY, for Plaintiff–Appellant.

Candace G. Hill, Terry M. Cushing, David L. Huber, Asst. U.S. Attorney, Louisville, KY, Richard Boling, Hopkinsville, KY, for Defendants–Appellees.

Before: MERRITT and SUTTON, Circuit Judges; and FEIKENS, District Judge.*

*ORDER*

Gary Dillard, a Kentucky prisoner, appeals a district court judgment dismissing his complaint filed under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

In the mid–1990s, Dillard was convicted of possessing a particular .357 Magnum handgun and using it to commit a murder. He is currently incarcerated for those offenses. This case presents Dillard's claim that the defendants have violated the requirements of the FOIA by failing to provide him with purchaser information regarding the handgun Dillard was convicted of using to commit the murder. Apparently, Dillard sought this information in order to show that the gun belonged to someone else. The complaint names the following defendants: Department of the Treasury, Bureau of Alcohol, Tobacco, and Firearms ("BATF"), by/through Marilyn R. LaBrie (Disclosure Specialist), Melissa Blevins (Disclosure Specialist), Dorothy A. Chambers (Chief Disclosure Specialist), Richard W. Marianos (Special Agent/Louisville), and Ronald B. Turk (Agent/Bowling Green); Office of the Attorney General for the Commonwealth of Kentucky, by/through A.B. Chandler, III, and Amye L. Bensenhaver; Office of the Christian County Commonwealth Attorney, by/through John L. Atkins; Christian County Sheriff's Department, by/through Thomas E. Scillian; and Carol W. Johnson. Dillard sued all defendants in their official capacities, except for defendant Johnson, whom he sued in his or her individual capacity. He sought declaratory and injunctive relief.

After screening the case pursuant to 28 U.S.C. § 1915A, the district court entered an order dismissing the claims under the FOIA against the state and local government offices and employees because the FOIA does not apply to state or local governments or agencies. *See* 5 U.S.C. § 551(1); *St. Michael's Convalescent Hosp. v. Cal.,* 643 F.2d 1369, 1372–74 (9th Cir.1981). The court also dismissed the complaint against defendant Johnson because defendant Johnson is a private party and not a federal agency. *See* 5 U.S.C. § 551(1). The court further dismissed Dillard's claims against the individual Department of Treasury, BATF employees because those employees are individuals, and because Dillard failed to show that any of those defendants are the custodian of the requested documents and have the final authority for the Department of Treasury, BATF. *See White v. United States,* No. C80–53, 1980 WL 1607, at *2–*3 (N.D.Ohio May 30, 1980). Dillard's FOIA claims against the Department of the Treasury, BATF, and his state law claims under the Open Records Act against all defendants were allowed to proceed.

In an order entered September 12, 2002, the district court dismissed the state law claim under the Open Records Act, without prejudice, because this claim was separate and apart from the remaining federal claim and did not derive from a common nucleus of operative facts. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Gaff v. Fed. Dep. Ins. Corp.,* 814 F.2d 311, 319 (6th Cir.1987).

Thereafter, the remaining defendants filed a motion for summary judgment to which Dillard responded. In addition, Dillard filed a motion for an in camera review of documents allegedly in the possession of the defendants within the scope of his FOIA request to which the defendants responded in opposition, and Dillard replied thereto. The matter was referred to a magistrate judge who issued a report recommending that summary judgment be granted for the defendants. The magistrate judge also recommended that the motion for an in camera review be denied. The district court adopted the report and recommendation over Dillard's objections. This appeal followed.

Dillard's brief is devoted primarily to challenging the grant of summary judgment on the federal claim. Dillard neither challenged nor offered any argument with respect to the district court's order dis-

missing the state and local government offices and employees, defendant Johnson, the individual Department of Treasury, BATF employees, or the state law claim under the Open Records Act. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991). Therefore, the district court's order dismissing the state and local government offices and employees, defendant Johnson, the individual Department of Treasury, BATF employees, or the state law claim under the Open Records Act will not be reviewed.

Upon consideration, we conclude that the summary judgment for the remaining defendants must be affirmed, as Dillard raises no genuine issue of material fact with regard to the adequacy of the search for information conducted by these defendants in response to his request. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C.Cir.1994). Defendants in this case properly supported their motion for summary judgment with a detailed and non-conclusory affidavit indicating that they had conducted reasonable searches. *Becker v. I.R.S.*, 34 F.3d 398, 406 (7th Cir.1994). Agency affidavits are entitled to a presumption of good faith. *United States Dep't of State v. Ray*, 502 U.S. 164, 179, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991). The record shows that the defendants engaged in a good faith search of all of its components and divisions that would likely possess the information sought by Dillard and determined that such information did not exist.

The fact that the defendants' search failed to turn up the information requested does not render the search inadequate; the adequacy of the search is determined by the appropriateness of the method employed. *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C.Cir.2003).

Dillard's speculation that the information requested must exist also does not establish that the search was unreasonable. *Steinberg*, 23 F.3d at 552.

Finally, Dillard argues that the district court erred when it denied his motion for in camera review. Typically, a federal court conducts an in camera review of a withheld record to determine whether it is subject to a FOIA disclosure exemption. *See, e.g., Schell v. United States Dep't of Health & Human Servs.*, 843 F.2d 933, 938–43 (6th Cir.1988). In this case, however, since there were no records that could be provided to Dillard under the FOIA, there was nothing to review in camera. Thus, it was not error for the district court to deny Dillard's motion for an in camera review.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.