

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2006

# Williams v. US Dept Justice

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2928

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Williams v. US Dept Justice" (2006). *2006 Decisions*. Paper 1214.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1214

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2928
_____

JOHN L. WILLIAMS,
Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATION,
CIVIL RIGHTS SECTION UNIT;
UNITED STATES ATTORNEY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 04-cv-03383)
District Judge: Honorable Katharine S. Hayden

_____

Submitted Under Third Circuit LAR 34.1(a)
March 2, 2006

Before: ROTH, RENDELL and AMBRO, Circuit Judges.

(Filed: April 26, 2006)

_____

OPINION OF THE COURT

_____

PER CURIAM

John L. Williams appeals from an order of the United States District Court for the

District of New Jersey, granting the defendants' motion for summary judgment in this

action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

For essentially the reasons provided by the District Court, we will affirm.

In 1980, Williams wrote to the United States Attorney's Office for the Southern District of New York ("USAO-SDNY") complaining about alleged civil rights violations in his state criminal prosecution. In 1982, Williams requested a status report on his complaints and was advised by the Chief of the Civil Rights Unit that his allegations did not warrant an investigation. Williams repeated his complaints to the USAO-SDNY in 1996, but the allegations again were not pursued.

In October 2003, Williams submitted a FOIA request to the USAO-SDNY for "all records pertaining to a criminal investigation and civil rights violations" concerning his prior complaints.[1] The Executive Office for United States Attorneys ("EOUSA") (the Justice Department component charged with processing FOIA requests sent to United States Attorneys' Offices) informed Williams that it could locate no records responsive to his request. After EOUSA's response was affirmed on administrative appeal, Williams filed suit in District Court challenging the adequacy of the search.

---

[1] Williams attached to his request three letters from USAO-SDNY employees concerning his allegations. The first letter, dated August 4, 1980, is from the Chief of the USAO-SDNY Criminal Division to an Assistant Director in Charge of the FBI, forwarding Williams's allegations "for whatever action you deem appropriate." The second letter, dated March 10, 1982, is from the Chief of the USAO-SDNY Civil Rights Unit to Williams, advising him that "[f]ollowing the [FBI's] inquiry into your allegations, this office concluded that the allegations did not warrant further federal investigative efforts." The third letter, dated October 10, 1996, is from a USAO-SDNY legal assistant to the FBI, forwarding Williams's October 1, 1996 "letter of complaint . . . for whatever action you may deem appropriate."

The government moved for summary judgment and submitted declarations from an EOUSA attorney responsible for reviewing FOIA requests and from the FOIA Contact in the USAO-SDNY who searched for records responsive to Williams's request. The declarations explained that the search was conducted using Williams's name and included "card indices (pre-1985), purged files from PROMIS [the Prosecutor's Management Information System], and the current case tracking system, LIONS." The declarations also noted that, pursuant to the United States Attorneys' Manual, investigative reports that are not filed as part of any litigation case file are transferred to the Federal Records Center when one year old and are destroyed after five years. The District Court granted the government's motion for summary judgment, concluding that the declarations "demonstrate that the government performed a systematic and comprehensive search" and that Williams "submitted no evidence to indicate otherwise or establish bad faith." Williams appealed.

We employ a two-tiered test in reviewing an order of a district court granting summary judgment in proceedings seeking disclosure under the FOIA. We must "first decide whether the district court had an adequate factual basis for its determination." McDonnell v. United States, 4 F.3d 1227, 1242 (3d Cir. 1993) (citations omitted). If it did, we "must then decide whether that determination was clearly erroneous." Id. (citations omitted). Under this standard, we will reverse only "if the findings are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence or where the district court has misapprehended

3

the weight of the evidence." Id. (quoting Lame v. United States Dep't of Justice, 767 F.2d 66, 70 (3d Cir. 1985)).

Under the FOIA, an agency has a duty to conduct a reasonable search for responsive records. See Oglesby v. Department of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). The relevant inquiry is not "whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*." Steinburg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). To demonstrate the adequacy of its search, the agency should provide "a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999) (modifications and citation omitted).

We agree that the detailed declarations in this case establish that the search was adequate and "reasonably calculated to uncover all relevant documents." Oglesby, 920 F.2d at 68. In particular, the declarations explained the USAO-SDNY's policy for retaining records of the type sought by Williams, described the various files that were searched using Williams's name, and certified that there were no other records systems where responsive material would be maintained.

Williams argues that the search was not reasonable and was conducted in bad faith. As support for these allegations, he speculates that, because his complaints of civil rights violations "did merit . . . an investigation[, a] more thorough [search] would have

4

[revealed] responsive materials." (Appellant's Informal Br. 3). Importantly, though, Williams's "[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." Steinberg, 23 F.3d at 552 (quoting SafeCard Services, Inc. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). Williams also contends that the letters attached to his FOIA request, see footnote 1, *supra*, contradict the finding that no responsive records exist. It is well settled, however, that "[t]he fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it." Miller v. United States Dep't. of State, 779 F.2d 1378, 1385 (8th Cir. 1985). Here, the USAO-SDNY's having located no responsive records is consistent with the likely date of the records sought, the USAO-SDNY's record retention policy, and the USAO-SDNY's indication that Williams's complaints did not result in an investigation.

For the reasons given, we will affirm the order of the District Court.