Christopher S. OGUAJU, Appellant,

v.

UNITED STATES of America, Appellee.

No. 00–5454.

United States Court of Appeals, District of Columbia Circuit.

Argued March 18, 2002.

Decided May 7, 2002.

Kemba T. Eneas, Student Counsel, argued the cause as amicus curiae in support of appellant. With her on the briefs were Steven H. Goldblatt, appointed by the court as amicus curiae, and Wendy M. Marantz, Supervisory Attorney.

W. Mark Nebeker, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were Roscoe C. Howard, Jr., U.S. Attorney, and R. Craig Lawrence, Assistant U.S. Attorney.

Before: GINSBURG, Chief Judge, HENDERSON and TATEL, Circuit Judges.

Opinion for the Court filed by Chief Judge GINSBURG.

GINSBURG, Chief Judge:

An inmate in a federal prison requested under the Freedom of Information Act all records on file with the United States Marshals Service concerning an escaped convict turned government informant, whose testimony had helped to convict him. The Marshals Service refused to confirm or to deny the existence of such records and asserted that, if they do exist, they "would be exempt from disclosure pursuant to exemption 7(C) of the [FOIA]" — the exemption for law enforcement records the release of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). After exhausting his administrative remedies, the inmate filed a complaint in the district court, which granted summary judgment to the Marshals Service. We affirm the decision of the district court on the ground that disclosure of the records would not serve a public interest that outweighs the informant's privacy interest.

## I. Background

In 1998 the United States prosecuted Christopher Oguaju in a federal district court in Michigan for conspiring to distribute and for possession with intent to distribute heroin. At Oguaju's request, the court ordered the Government to turn over to the defense any exculpatory information it had, as required by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Among the records Oguaju received was the plea agreement of David

Powell, an escaped convict who was to testify against Oguaju in return for a recommendation of leniency from the prosecutor in his trial for escape.

After Oguaju was convicted he asked the Marshals Service to give him, pursuant to the FOIA, 5 U.S.C. § 552, "[a]ny and all information in [its] file that deals directly or indirectly with David Powell ... includ[ing] investigative reports of Mr. Powell's escape from prison." Oguaju wrote:

> Disclosure of the requested information to me is in [the] public interest, as it is likely to contribute significantly to the clarification of Constitutional and/or legal issues. The information requested is for personal use and will aid me to disclose/corroborate fraud committed by [Powell], the information will not be used for any commercial purposes.

The Marshals Service first made a "Glomar response" — refusing to confirm or to deny the existence of any records, see *Phillippi v. CIA*, 546 F.2d 1009 (D.C.Cir. 1976) — and then went on to assert that the records, if they exist, "would be exempt from disclosure pursuant to exemption 7(C) of the Freedom of Information Act." That exemption permits an agency to withhold "information compiled for law enforcement purposes" when producing that information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

Oguaju filed an administrative appeal in which he asserted that the "documents requested [are] material to the preparation of [his] defense brief on appeal" because the "[p]rosecutor improperly withheld agency record[s]" that would reveal Powell had perjured himself when he testified against Oguaju. The Department of Justice denied the appeal on the ground that, absent "an overriding public interest, even to acknowledge the existence of" the records would unjustifiably invade Powell's privacy.

Oguaju then petitioned for review by the district court, which granted summary judgment to the Marshals Service. Oguaju filed a timely appeal and agreed to rely in this court upon the brief filed by an amicus curiae whom we asked to appear and to whom the court is grateful.

## II. Analysis

■ As stated above, the FOIA exempts from disclosure law enforcement records the release of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The court determines whether disclosure is warranted by "balanc[ing] the public interest in disclosure against the [privacy] interest Congress intended the Exemption to protect." *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 776, 109 S.Ct. 1468, 1483, 103 L.Ed.2d 774 (1989). The public interest in disclosure lies in "open[ing] agency action to the light of public scrutiny," *Reporters Comm.*, 489 U.S. at 772, 109 S.Ct. at 1481; it does not include helping an individual obtain information for his personal use, see *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C.Cir.2000) ("[T]he interest of the party requesting the document [is] irrelevant to this balancing").

■ In this case Oguaju can avoid Exemption 7(C) only by showing that the public interest in release of the information he requested outweighs Powell's privacy interest in its suppression; Oguaju's personal stake in using the requested records to attack his convictions does not count in the calculation of the public interest. What public interest, then, could the information serve? According to the amicus, the answer is the "public interest in understanding how effectively the DOJ responds to *Brady* requests and in assuring

that the United States Attorney's office and the Marshals Service, both entities of the DOJ, are working in concert to exchange information."

The facts of this case and the precedent of this Circuit conjoin to scuttle this argument. Oguaju has never offered any reason to believe the Department of Justice mishandled his *Brady* request, and under circuit law a bald accusation to that effect does not persuade. *See SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C.Cir.1991) (holding that FOIA requester can avoid Exemption 7(C) only by producing "compelling evidence that the agency is engaged in illegal activity"); *Davis v. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C.Cir.1992).* More important, even if the records Oguaju seeks would reveal wrongdoing in his case, exposing a single, garden-variety act of misconduct would not serve the FOIA's purpose of showing "what the Government is up to." *Reporters Comm.*, 489 U.S. at 780, 109 S.Ct. at 1485; *see also Beck v. Dep't of Justice*, 997 F.2d 1489, 1493 (D.C.Cir.1993) ("The identity of one or two individual relatively low-level government wrongdoers, released in isolation, does not provide information about the agency's own conduct," and therefore "there is no public interest in [the] release" of that information). Although the Third Circuit once indulged the argument advanced by the amicus, *see Ferri v. Bell*, 645 F.2d 1213, 1217–18 (3d Cir.1981) (privacy exemption overcome because release of information could serve "indirect public purpose" by proving a *Brady* violation), that was before the Supreme Court laid down the law in *Reporters Committee*. Accordingly, we adhere to the standards we adopted in *Beck, SafeCard,* and *Davis* to implement the teachings of the High Court.

In the absence of any public interest in disclosure, any countervailing interest in privacy defeats a FOIA request. *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C.Cir.1989) ("[S]omething ... outweighs nothing every time"). And Powell clearly does have some privacy interest in the requested documents, which — if they exist — pertain to Powell and the Marshals Service's investigation of his escape from federal prison. Our amicus downplays Powell's interest, suggesting that he himself revealed the relevant information when he testified at Oguaju's trial. This argument would have traction if Oguaju were requesting a transcript of Powell's testimony, but he is requesting something entirely different: "Any and all information in [the Marshals Service's] file that deals directly or indirectly with David Powell ... includ[ing] investigative reports of Mr. Powell's escape from prison."

Because Powell's privacy interest, however slight, necessarily outweighs the nil public interest in release of the Marshals Service's records, Oguaju's FOIA request is foreclosed by Exemption 7(C). Therefore, we need not consider whether the Marshals Service erred, as the amicus argues, by refusing to confirm or to deny the existence of the records. Right or wrong, that refusal deprives Oguaju of nothing to which he is entitled.

### III. Conclusion

For the foregoing reasons, the judgment of the district court is

*Affirmed.*

---

* Amicus at one point suggests that *SafeCard* and *Davis* do not apply because Oguaju alleges no agency misconduct. To the contrary, amicus's argument that the requested records could reveal government mishandling of *Brady* requests is the only public interest alleged.