**Guillermo Felipe Dueñas ITURRALDE, Appellant,**

v.

**COMPTROLLER OF THE CURRENCY, et al., Appellees.**

**No. 01–5367.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 9, 2002.

Decided Jan. 17, 2003.

Jonathan Cohen argued the cause for appellant. With him on the briefs were Alexander E. Eagleton and Herbert E. Milstein.

Peter D. Blumberg, Assistant U.S. Attorney, argued the cause for appellees. With him on the brief were Roscoe C. Howard, Jr., U.S. Attorney, and R. Craig Lawrence, Assistant U.S. Attorney. Heather J. Kelly, Assistant U.S. Attorney, entered an appearance.

Before: GINSBURG, Chief Judge, and ROGERS and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge ROGERS.

ROGERS, Circuit Judge:

Guillermo Felipe Dueñas Iturralde appeals the grant of summary judgment to the State Department on Dueñas's claim that it failed to conduct an adequate search for documents that he requested under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Because Dueñas did not preserve a challenge to the sufficiency of the Department's affidavit and, in attacking the adequacy of the Department's search, has not presented evidence that would tend to show that a particular document was in the Department's files, we affirm.

## I.

Dueñas is a retired Ecuadorean admiral who was an executive of Banco de los Andes and of Banco de los Andes International, banks that operate in Ecuador and the Caribbean island of Montserrat, respectively. When he sought to purchase a bank in the United States, his application was rejected by the Office of the Comptroller of the Currency because Dueñas had allegedly not been truthful in revealing that Banco de los Andes International was under investigation for money laundering. Dueñas subsequently filed a request under the FOIA for all information relating to him and Banco de los Andes in possession of the Comptroller, the Drug Enforcement Administration ("DEA"), and, as later clarified, the State Department. Dissatisfied with the responses that he received, Dueñas filed suit in the United States District Court.

After the agencies had produced additional documents, the district court granted summary judgment, concluding that the agencies had properly withheld certain documents under the FOIA exemptions and that the searches for documents had been adequate. Dueñas did not appeal the grant of summary judgment to the Comptroller and the DEA. In an unpublished order, this court summarily affirmed summary judgment with respect to the State Department's invocation of various exemptions to justify withholding documents. Thus, the only issue in this appeal is Dueñas's contention that the State Department did not conduct an adequate search for various records.

## II.

Our review of the district court's grant of summary judgment is *de novo*. *Valencia–Lucena v. United States Coast Guard,* 180 F.3d 321, 326 (D.C.Cir.1999). At the summary judgment stage, the agency has the burden of showing that it complied with the FOIA, *id.,* and in response to a challenge to the adequacy of its search for requested records the agency may meet its burden by providing "a reasonably detailed affidavit, setting forth the

search terms and the type of search performed, and averring that all files likely to contain responsive materials ... were searched." *Id.* (quoting *Oglesby v. United States Dep't of the Army,* 920 F.2d 57, 68 (D.C.Cir.1990)). The plaintiff may then provide "countervailing evidence" as to the adequacy of the agency's search. *Founding Church of Scientology of Washington, D.C., Inc. v. Nat'l Sec. Agency,* 610 F.2d 824, 836 (D.C.Cir.1979). "[I]f a review of the record raises substantial doubt, particularly in view of 'well defined requests and positive indications of overlooked materials,' summary judgment is inappropriate." *Valencia–Lucena,* 180 F.3d at 326 (quoting *Founding Church of Scientology,* 610 F.2d at 837) (citation omitted).

Dueñas contends that the State Department's search was inadequate for two reasons: First, the search was inadequate because the Department concluded that there were no documents responsive to his FOIA request in the Bureau of International Narcotics and Law Enforcement Affairs, even though the Bureau had published in 1993 an International Narcotics Strategy Report ("1993 Report") that claimed that Banco de los Andes was involved in money laundering; Dueñas attached the relevant pages of the report to one of his requests to the Department. Second, the search was inadequate because the Department initially delayed its search for documents.

 In addressing Dueñas's contentions the court is not presented with a properly preserved challenge to the adequacy of the State Department's affidavit. At oral argument in this court Dueñas challenged the sufficiency of the affidavit, which stated conclusorily that the Department had informed Dueñas by letter that a search of the files of the Bureau of International Narcotics and Law Enforcement Affairs had been conducted, referencing several letters to Dueñas. As Dueñas

pointed out in oral argument, at no point does the affidavit state under oath that a search of the files of the Bureau of International Narcotics and Law Enforcement Affairs was conducted or describe the nature of that search. Whatever deficiencies may exist in this affidavit, *see Valencia–Lucena,* 180 F.3d at 326; *Weisberg v. United States Dep't of Justice,* 627 F.2d 365, 370 (D.C.Cir.1980), however, Dueñas never challenged the sufficiency of the affidavit in the district court. Consequently, any challenge to the adequacy of the Department's affidavit is not properly before this court. *Nat'l Rifle Ass'n of Am. v. FEC,* 854 F.2d 1330, 1336–37 (D.C.Cir. 1988); *Tarpley v. Greene,* 684 F.2d 1, 7 n. 17 (D.C.Cir.1982). Moreover, Dueñas's briefs on appeal state only that the affidavit was conclusory, without further argumentation or further elaboration; this is the type of "asserted but unanalyzed" contention that is insufficient to preserve the issue on appeal even if he had raised it in the district court. *See SEC v. Banner Fund Int'l,* 211 F.3d 602, 613 (D.C.Cir. 2000) (quoting *Carducci v. Regan,* 714 F.2d 171, 177 (D.C.Cir.1983)). We therefore treat the affidavit as sufficient. Again, the only question on appeal is whether Dueñas has provided sufficient evidence to raise "substantial doubt" concerning the adequacy of the Department's search. *See Valencia–Lucena,* 180 F.3d at 326.

 Dueñas maintains that the State Department initially denied that it had any responsive documents in its files, and that this denial (later proven false) shows that the Department's search was inadequate. However, the record reveals that the Department's first response to Dueñas's FOIA request was to send a form letter advising Dueñas to seek the materials from the Comptroller and the DEA. Apparently the Department read his FOIA

request only to seek records from the Comptroller and the DEA, a reasonable conclusion given Dueñas's initial letter to the State Department; only later did he clarify to the Department that he was also asking it to search its own records. Once Dueñas responded by letter with a more specific request, referring to the 1993 Report, the Department began its search. In these circumstances we conclude that there is no evidence of bad faith by the Department, particularly in view of the fact that initial delays in responding to a FOIA request are rarely, if ever, grounds for discrediting later affidavits by the agency. *See, e.g., Meeropol v. Meese*, 790 F.2d 942, 952 (D.C.Cir.1986); *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 772 (D.C.Cir.1981).

 Dueñas maintains further that the inadequacy of the search is obvious in light of the fact that the Department failed to find the 1993 Report referring to one of Dueñas's banks as being involved in money laundering. Dueñas characterizes this fact as a "positive indication[ ] of overlooked materials" under *Valencia–Lucena*, especially since in correspondence with the Department he mentioned the 1993 Report in seeking associated documents. Arguably, such a "well defined request" would make a court wary of summary judgment for the government. *Valencia–Lucena*, 180 F.3d at 326. But it is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate. *See Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 n. 7 (D.C.Cir.1995); *Meeropol*, 790 F.2d at 952–54; *see also Maynard v. CIA*, 986 F.2d 547, 564 (1st Cir.1993); *Miller v. United States Dep't of State*, 779 F.2d 1378, 1384–85 (8th Cir. 1986). Rather, the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search. *Steinberg v. Dep't of Justice*,

23 F.3d 548, 551 (D.C.Cir.1994). After all, particular documents may have been accidentally lost or destroyed, or a reasonable and thorough search may have missed them. *Miller*, 779 F.2d at 1384–85; *see also Goland v. CIA*, 607 F.2d 339, 353 (D.C.Cir.1978).

In certain circumstances, a court may place significant weight on the fact that a records search failed to turn up a particular document in analyzing the adequacy of a records search. *See Krikorian v. Dep't of State*, 984 F.2d 461, 468 (D.C.Cir.1993). However, Dueñas fails to offer evidence of circumstances sufficient to overcome an adequate agency affidavit. Dueñas does not maintain that the Department failed to search particular offices or files where the document might well have been found. *See Valencia–Lucena*, 180 F.3d at 327; *Krikorian*, 984 F.2d at 468. Neither does he maintain that the Department failed or refused to interview government officials for whom there was strong evidence that they might have been helpful in finding the missing documents. *See Valencia–Lucena*, 180 F.3d at 327–28. Nor does he maintain that the Department ignored indications in documents found in its initial search that there were additional responsive documents elsewhere. *See Campbell v. United States Dep't of Justice*, 164 F.3d 20, 28 (D.C.Cir.1998). In addition, Dueñas does not point to evidence that would indicate that at the time the Department searched its files there was reason to believe that the 1993 Report was in those files. Thus, this case is unlike *Oglesby v. United States Dep't of the Army*, 79 F.3d 1172, 1185 (D.C.Cir.1996), where there was evidence in a published book that the agency had produced records in response to a FOIA request by another individual, or *Founding Church of Scientology*, 610 F.2d at 834, where the court relied on the distribution of responsive documents by the agency to other agencies. Further, in

those cases, the adequacy of the agency affidavits was at issue and the affidavits were determined to be inadequate for purposes of summary judgment. *See Oglesby,* 79 F.3d at 1185; *Founding Church of Scientology,* 610 F.2d at 834–37. In short, "[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." *SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1201 (D.C.Cir.1991); *see also Meeropol,* 790 F.2d at 953–54.

Accordingly, we affirm the grant of summary judgment to the Department.