Thomas Edwin BLANTON, Jr., Appellant,

v.

DEPARTMENT OF JUSTICE, Appellee.

Nos. 02–5115, 02–5296

United States Court of Appeals, District of Columbia Circuit.

May 1, 2003.

Rehearing Denied July 22, 2003.

Before: SENTELLE, ROGERS and GARLAND, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

These cases came to be heard on the record from the District Court for the District of Columbia, the briefs of the parties, and oral argument. For the reasons presented in the attached memorandum opinion, it is

**ORDERED AND ADJUDGED** that the judgment of the district court is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### *MEMORANDUM*

Thomas Edwin Blanton, Jr., appeals the grant of summary judgment in his Freedom of Information Act ("FOIA") suit for eight principal reasons, none of which warrants reversal of the judgment. *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 313 (D.C.Cir.2003). In contending that the district court erred in not requiring the FBI to reveal additional information concerning the investigation of the 1963 church bombing in Birmingham, Alabama, Blanton maintains that the FBI: (1) conducted an inadequate search for documents, (2) presented an inadequate *Vaughn* index for the withheld documents and information, (3) inadequately justified whether exempt materials were segregable from materials that were required to be disclosed, (4) improperly relied on FOIA Exemptions 2 and 7(F) in withholding information about agents or others who are dead or have publicized their roles in the investigation, (5) and (6) improperly relied upon Exemptions 7(C) and 7(D) to withhold information, and (7) failed to establish that the polygraph questions that were used to interrogate individuals in the course of the Birmingham investigation fell within Exemption 7(E). Blanton also maintains that (8) the district court erred by not directing the FBI to produce a supplemental *Vaughn* index for the additional information regarding two informants that the district court ordered the FBI to produce.

Most of these contentions require only summary comment. With respect to the adequacy of the search, Blanton fails to show that the district court erred in ruling that because the FBI's search of its cross-reference index would have revealed any records in the informant files that referred to Blanton, the FBI's search was adequate. Blanton's contention that the FBI's failure to produce the Rowe Report shows that the search was inadequate is equally unavailing, because the fact that an agency has failed to produce a particular document in the course of its search does not render the search inadequate. *See Iturralde*, 315 F.3d at 315–16. This similarly disposes of Blanton's claim that the FBI's search is inadequate because it failed to turn up one document from the FBI's "June Mail" files. Finally, Blanton's search claim based on the disappearance of seven "June Mail" files that were initially produced in redacted form to the district court is moot because the government has found those documents. Any further relief

based on these rediscovered documents will have to come from the district court.

Blanton's *Vaughn* index contentions fail on procedural grounds. Although represented by counsel, his challenge to the adequacy of the FBI's *Vaughn* index based on its allegedly conclusory and generalized description of the documents was never raised in the district court and is therefore waived. *See Iturralde,* 315 F.3d at 314. Even if it was adequately raised, the FBI's affidavit and the coding provided by the FBI otherwise adequately describes the documents and justifies the exemptions relied upon for each redaction or withheld document. As for the contention that the district court should have ordered an additional *Vaughn* index for the subsequently released informant materials, Blanton fails to show that the original *Vaughn* index order would have allowed a supplemental index, or that he was otherwise entitled as a matter of law to such an index, much less that he preserved an objection to the district court's original order requiring a *Vaughn* index, stating he should be entitled to a supplemental index in the future. The argument in his opening brief is as cursory as his argument before the district court on this point and insufficient to meet his burden, *Iturralde,* 315 F.3d at 314; and he offers no excuse for first raising arguments in a reply brief, *McBride v. Merrell Dow & Pharms., Inc.,* 800 F.2d 1208, 1210–11 (D.C.Cir.1986).

The challenges to the FBI's reliance on FOIA exemptions fare no better. With respect to segregability and the applicability of Exemptions 2, 7(E), and 7(F), Blanton fails to show that the FBI affidavit was inadequate to establish that exempt materials had been segregated from withheld materials, and his conclusory contentions regarding Exemptions 2 and 7(F) provide no grounds to conclude that the district court failed properly to apply those. With respect to Exemption 7(E), the FBI's affidavit adequately established that the polygraph information was not generally known to the public. So too the district court properly rejected Blanton's claims based on Exemptions 7(C) and 7(D).

The rule that, "to the extent any information contained in 7(C) investigatory files would reveal the identities of individuals who are subjects, witnesses, or informants in law enforcement investigations, those portions of responsive records are categorically exempt from disclosure" unless disclosure "is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity," *Nation Magazine v. United States Customs Serv.,* 71 F.3d 885, 896 (D.C.Cir.1995) (quotation omitted), bars most of Blanton's claims. As for other claims, while death of an individual reduces the privacy interest, it does not eliminate it. *See Accuracy in Media, Inc. v. Nat'l Park Serv.,* 194 F.3d 120, 123 (D.C.Cir.1999). The district court properly concluded that, even assuming death, the privacy interests of any individual outweighed any public interest in disclosure. Similarly, while public disclosure of an individual's involvement in an investigation will reduce the privacy interest, *see Kimberlin v. Dep't of Justice,* 139 F.3d 944, 949 (D.C.Cir.1998), Blanton does not maintain that the individuals voluntarily disclosed their involvement in the investigation, and the district court therefore properly concluded that any public interest in disclosure of these individuals was also outweighed by their privacy interests. Moreover, the district court appears to have afforded Blanton a broader interpretation of the public interest to be considered under Exemption 7(C) than he was entitled to, stating that "creating an accurate history of the events surrounding the church bombing constitutes a public interest for the purposes of Exemption 7(C)," *Blanton v. United States Dep't of Justice,* 63 F.Supp.2d 35, 47 (D.D.C.1999) (un-

pub.op.). *See Oguaju v. United States,* 288 F.3d 448, 450–51 (D.C.Cir.2001).

Contrary to Blanton's contentions, the district court properly applied the Exemption 7(D) analysis required by *United States Dep't of Justice v. Landano,* 508 U.S. 165, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). The court could conclude that the FBI's affidavit properly analyzed the nature of the crime in ruling that an implied promise of confidentiality was made. *Landano* does not require that both the nature of the crime and the relationship of the source must be investigated in all implied confidentiality situations; instead it only emphasized that the government could not rely on a blanket presumption that all information provided to federal law enforcement agencies in the course of an investigation was covered by an implied confidentiality agreement. *See id.* at 179–80, 113 S.Ct. 2014; *see also Mays v. DEA,* 234 F.3d 1324, 1329–31 (D.C.Cir.2000). The district court also did not err in rejecting Blanton's claim that the death of a confidential source eliminates the applicability of Exemption 7(D). *See Campbell v. United States Dep't of Justice,* 164 F.3d 20, 33 n. 14 (D.C.Cir.1998).