**Salvatore Dominic PICCOLO,**
**Appellant,**

v.

**EXECUTIVE OFFICE FOR UNITED**
**STATES ATTORNEYS, et al.,**
**Appellees.**

No. 03–5004.

United States Court of Appeals,
District of Columbia Circuit.

April 5, 2004.

Salvatore Dominic Piccolo, Philadelphia, PA, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, Roscoe Conklin Howard, Jr., U.S. Attorney, Diane Marie Sullivan, Assistant U.S. Attorney, Washington, DC, for Defendants–Appellees.

Before ROGERS, TATEL, and ROBERTS, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia, the briefs filed by the parties, the addenda filed by the appellant, and the supplemental pleading filed by the appellees. *See* Fed. R.App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order and judgment filed December 13, 2002, be vacated to the extent that the court granted summary judgment for the Executive Office for United States Attorneys ("EOUSA") concerning the adequacy of its search, and that the case be remanded for further proceedings on this issue.

In support of its motion for summary judgment, EOUSA submitted a declaration and accompanying certifications of search stating, *inter alia*, that Joseph Liciardello had contacted certain Assistant United States Attorneys in the Eastern District of Pennsylvania regarding whether they had any files in their offices concerning appellant. EOUSA's submissions did not, however, indicate whether these attorneys responded to Liciardello's inquiry.

Because it remains unclear whether these attorneys responded to Liciardello's inquiry in any way and because EOUSA does not squarely assert that its overall search was adequate even without any searches or responses from these attorneys, we vacate the district court's order and judgment to the extent that the court granted summary judgment for EOUSA concerning the adequacy of its search, and remand for further proceedings on this issue. It is

**FURTHER ORDERED AND ADJUDGED** that the remainder of the district court's order and judgment be affirmed.

Appellant argues that the court should not have granted summary judgment for the DEA concerning the adequacy of its search because the DEA possesses the requested tape recordings and transcripts but failed to produce them. Appellant has not, however, established that the DEA currently possess these tapes and transcripts, and "it is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C.Cir.2003).

**236**

Appellant next argues that the court should not have granted summary judgment for the FBI concerning the adequacy of its search because the Bureau searched only its headquarters, not its field offices. The scope of the search was appropriate, however, under 28 C.F.R. §§ 16.3(a) and 16.41(a).

Finally, appellant asserts that various exemptions could not possibly apply in his case, but his conclusory assertions are insufficient to defeat appellees' representations to the contrary.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.