Christopher S. OGUAJU, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 00-5454.**

United States Court of Appeals,
District of Columbia Circuit.

Decided Aug. 17, 2004.

---

Steven H. Goldblatt, appointed by the court, filed the motion to govern further proceedings for appellant. With him on the motion was Cary Berkeley Kaye.

W. Mark Nebeker, Assistant United States Attorney, filed the opposition for appellee. With him on the opposition were Kenneth L. Wainstein, United States Attorney, and R. Craig Lawrence, Assistant United States Attorney.

Before: GINSBURG, Chief Judge, and HENDERSON and TATEL, Circuit Judges.

Opinion for the Court filed by Chief Judge GINSBURG.

GINSBURG, Chief Judge:

The Supreme Court granted Oguaju's petition for a writ of certiorari to this court, vacated the judgment in *Oguaju v. United States,* 288 F.3d 448 (D.C.Cir.2002), and remanded the case for further consideration in light of *National Archives and Records Administration v. Favish,* —— U.S. ——, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004). Because Oguaju produced no evidence that "would warrant a belief by a reasonable person" that the Department of Justice mishandled his *Brady* request, *id.* at 1581, 1582, we reinstate our judgment.

In *Favish* the Supreme Court held that, in order to outweigh a third party's privacy interest protected by Exemption 7(C) to the Freedom of Information Act, 5 U.S.C. § 552(b)(7)(C), a requester "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." 124 S.Ct. at 1581. "Only when the FOIA requester has produced evidence sufficient to satisfy this standard will there exist a counterweight on the FOIA scale for the court to balance against the cognizable privacy interests in the requested records." *Id.* at 1582.

Upon remand Amicus argues that Oguaju's assertion of government misconduct satisfies the evidentiary standard established in *Favish*. The Government responds that Oguaju's mere assertions are not evidence of government impropriety and, therefore, are not sufficient.

 The Government clearly has the better of the argument. In our prior opinion we held the records sought by Oguaju were exempt from disclosure because Oguaju "never offered any reason to believe the Department of Justice mishandled his *Brady* request, and under circuit law a bald accusation to that effect does not persuade." 288 F.3d at 451. To restate the point in terms used by the Supreme Court, Oguaju offers only his "bare suspicion" of wrongdoing, *Favish*, 124 S.Ct. at 1581, which is not sufficient to overcome "the presumption of legitimacy accorded to the Government's official conduct." *Id.* (citing *Dep't of State v. Ray*, 502 U.S. 164, 178–79, 112 S.Ct. 541, 549–50, 116 L.Ed.2d 526 (1991)); *see United States v. Armstrong*, 517 U.S. 456, 464, 116 S.Ct. 1480, 1486, 134 L.Ed.2d 687 (1996) ("[I]n the absence of clear evidence to the contrary, courts presume that [government agents] have properly discharged their official duties"). As the Court explained, "[a]llegations of Government misconduct are 'easy to allege and hard to disprove,' *Crawford-El v. Britton*, 523 U.S. 574, 585, 118 S.Ct. 1584, 1590, 140 L.Ed.2d 759 (1998), so courts must insist on a meaningful evidentiary showing." *Favish*, 124 S.Ct. at 1582.

Oguaju has failed to make the requisite showing. Although Amicus now contends that Oguaju "can offer firsthand sworn testimony" to support his allegations, the substance of his proffer is that the government's informant committed perjury at Oguaju's trial. An assertion of that sort, even in the form of a sworn affidavit, is too insubstantial to warrant reopening the record in this case. Such an accusation does not "warrant a belief by a reasonable person that alleged Government impropriety might have occurred." *Id.* at 1581. The judgment of this court is therefore reinstated.

*So Ordered.*