Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

No. 00-5454

September Term, 2004

99cv02195

Filed On: October 21, 2004

CHRISTOPHER S. OGUAJU,
APPELLANT

v.

UNITED STATES OF AMERICA,
APPELLEE

————

**BEFORE**: GINSBURG, *Chief Judge*, and HENDERSON and TATEL, *Circuit Judges*.

## O R D E R

Upon consideration of appellant's petition for rehearing filed September 30, 2004, it is

**ORDERED** that the petition be denied. It is

**FURTHER ORDERED** that the opinion filed August 17, 2004 be amended as follows:

In the carryover paragraph from page 2 to page 3, delete the comma following "wrongdoing" in line 8 and insert a period; delete the comma following "124 S.Ct. at 1581" and insert a period and delete the portion of the sentence that begins with "which" and ends with "official conduct"; and

2

delete the citations (and accompanying parenthetical) that begins with "*Id.*" and ends with "official duties."

**Per Curiam**

**FOR THE COURT:**

Mark J. Langer, Clerk

BY:

Nancy G. Dunn

Deputy Clerk

Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Decided August 17, 2004

———

No. 00-5454

CHRISTOPHER S. OGUAJU,
APPELLANT

v.

UNITED STATES OF AMERICA,
APPELLEE

———

On Remand from the United States Supreme Court

———

*Steven H. Goldblatt*, appointed by the court, filed the motion to govern further proceedings for appellant. With him on the motion was *Cary Berkeley Kaye.*

*W. Mark Nebeker*, Assistant United States Attorney, filed the opposition for appellee. With him on the opposition were *Kenneth L. Wainstein*, United States Attorney, and *R. Craig Lawrence*, Assistant United States Attorney.

———

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

Before: GINSBURG, *Chief Judge*, and HENDERSON and TATEL, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*: The Supreme Court granted Oguaju's petition for a writ of certiorari to this court, vacated the judgment in *Oguaju v. United States*, 288 F.3d 448 (D.C. Cir. 2002), and remanded the case for further consideration in light of *National Archives and Records Administration v. Favish*, 541 U.S. ___, 124 S.Ct. 1570 (2004). Because Oguaju produced no evidence that "would warrant a belief by a reasonable person" that the Department of Justice mishandled his *Brady* request, *id.* at 1581, 1582, we reinstate our judgment.

In *Favish* the Supreme Court held that, in order to outweigh a third party's privacy interest protected by Exemption 7(C) to the Freedom of Information Act, 5 U.S.C. § 552(b)(7)(C), a requester "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." 124 S.Ct. at 1581. "Only when the FOIA requester has produced evidence sufficient to satisfy this standard will there exist a counterweight on the FOIA scale for the court to balance against the cognizable privacy interests in the requested records." *Id.* at 1582.

Upon remand Amicus argues that Oguaju's assertion of government misconduct satisfies the evidentiary standard established in *Favish*. The Government responds that Oguaju's mere assertions are not evidence of government impropriety and, therefore, are not sufficient.

The Government clearly has the better of the argument. In our prior opinion we held the records sought by Oguaju were exempt from disclosure because Oguaju "never offered any reason to believe the Department of Justice mishandled his *Brady* request, and under circuit law a bald accusation to that effect does not persuade." 288 F.3d at 451. To restate the point in terms used by the Supreme Court, Oguaju offers only his "bare suspicion" of wrongdoing. *Favish*, 124 S.Ct. at

1581. As the Court explained, "[a]llegations of Government misconduct are 'easy to allege and hard to disprove,' *Crawford-El v. Britton*, 523 U.S. 574, 585 (1998), so courts must insist on a meaningful evidentiary showing." *Favish*, 124 S.Ct. at 1582.

Oguaju has failed to make the requisite showing. Although Amicus now contends that Oguaju "can offer firsthand sworn testimony" to support his allegations, the substance of his proffer is that the government's informant committed perjury at Oguaju's trial. An assertion of that sort, even in the form of a sworn affidavit, is too insubstantial to warrant reopening the record in this case. Such an accusation does not "warrant a belief by a reasonable person that alleged Government impropriety might have occurred." *Id.* at 1581. The judgment of this court is therefore reinstated.

*So Ordered.*