Lewis E. **WILLIAMS**, Appellant

v.

**DEPARTMENT OF JUSTICE and Federal Bureau of Investigation**, Appellees.

No. 04–5244.

United States Court of Appeals, District of Columbia Circuit.

Nov. 22, 2005.

Rehearing En Banc Denied Feb. 15, 2006.

Lewis E. Williams, Brooks Correctional Facility MI State Prison, Muskegon Heights, MI, pro se.

Kenneth L. Wainstein, U.S. Attorney, R. Craig Lawrence, Assistant U.S. Attorney, Michael Joseph Ryan, Assistant U.S. Attorney, Paul A. Mussenden, U.S. Attorney's Office, Civil Appellate, Washington, DC, for Appellees.

Before: HENDERSON, RANDOLPH, and BROWN, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

**ORDERED AND ADJUDGED** that the district court's judgment entered February 4, 2004, and order entered March 10, 2004, be affirmed. Appellant challenges the adequacy of the appellees' search of records in response to a request for investigative records concerning himself. The district court correctly concluded that the appellees satisfied their obligation under Freedom of Information Act (FOIA), 5 U.S.C. § 552, to search for records responsive to the appellant's requests. The government has met its burden of showing it complied with the Act by providing reasonably detailed affidavits, "setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia–Lucena v. U.S. Coast Guard,* 180 F.3d 321, 325–26 (D.C.Cir.1999) (quoting *Oglesby v. United States Dep't of the Army,* 920 F.2d 57, 68 (D.C.Cir.1990)).

Appellant complains that the government failed to locate more than one document concerning certain murders that occurred in Detroit in the 1970's. However, any failure by the government in this case to turn up specific documents does not undermine the determination that the agency conducted an adequate search for the requested records. *See Iturralde v. Comptroller of Currency,* 315 F.3d 311, 315 (D.C.Cir.2003) ("the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."). Moreover, appellant has not offered evidence that would raise "substantial doubt" as to the adequacy of the appellees' searches. *Valencia–Lucena,* 180 F.3d at 326.

In addition, the district court did not abuse its discretion by denying appellant's motion for relief from judgment as appellant offered no grounds warranting relief. *Derrington–Bey v. District of Columbia Department of Corrections,* 39 F.3d 1224, 1226 (D.C.Cir.1994).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after

resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.