David **WHITFIELD**, Appellant

v.

**DEPARTMENT OF TREASURY,**
et al., Appellees.

No. 06–5298.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 16, 2007.

David Whitfield, Federal Correctional Institution Coleman Low, Coleman, FL, for Plaintiff–Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, John A. Nolet, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

BEFORE: SENTELLE, HENDERSON, and BROWN, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed August 22, 2006 be affirmed. The district court correctly held that the Internal Revenue Service satisfied its obligation under the Freedom of Information Act, 5 U.S.C. § 552(a)(3), to search for records responsive to appellant's request. Appellant's challenge to the adequacy of the search fails because he has not provided sufficient evidence to raise "substantial doubt" concerning the adequacy of the search. *See Iturralde v. Comptroller of the Currency,* 315 F.3d 311, 314 (D.C.Cir.2003) (internal quotation marks omitted). The agency's delay in producing the sixty pages maintained by a different agency "is significant only to the extent that evidence shows that the delay resulted from bad faith refusal to cooperate." *Maynard v. CIA,* 986 F.2d 547, 564 (1st Cir.1993) (citations and quotation marks omitted). *See Perry v. Block,* 684 F.2d 121, 128 (D.C.Cir.1982) (upholding adequacy of the search notwithstanding production of documents after agency executed affidavits stating that no further responsive records were within the agency's control where delay indicated "neither artifice nor subterfuge but rather, at worse, administrative inefficiency"). Here, there is no evidence of bad faith, and the agency has adequately accounted for the belated production of the sixty pages. Furthermore, the agency's failure to turn up spe-

cific documents does not undermine the determination that the agency conducted an adequate search for the requested records. *See Iturralde,* 315 F.3d at 315 ("the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search").

Finally, the district court did not abuse its discretion in denying discovery. *SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1200 (D.C.Cir.1991) (district court has "broad discretion to manage the scope of discovery" in FOIA cases).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.