KAVANAUGH, Circuit Judge,
concurring in part and dissenting in part [1]
In 1984, Lester Bower was convicted by a Texas state-court jury of murdering four men. Bower was sentenced to death. His conviction and death sentence have been affirmed on appeal, in state habeas proceedings, and in federal habeas proceedings.
Bower maintains that he is innocent. He cites two witnesses who came forward and suggested that four Oklahoma drug dealers were responsible for these murders.
Pursuant to Texas law, Bower is pursuing a post-conviction DNA proceeding in Texas state court in an attempt to show his innocence. His execution remains on hold as a matter of state law while that process continues.
This is a federal Freedom of Information Act case, not a criminal, habeas, or clemency proceeding. Bower’s attorney, Anthony Roth, submitted FOIA requests and asked the FBI to release documents related to the underlying criminal investigation of these killings, as well as records relating to the four men that Bower claims committed the murders.
Because the original criminal investigation into these murders was conducted by federal as well as state investigators, the FBI possessed a number of responsive documents. The FBI turned over many of those documents to Roth in response to his FOIA request. But the FBI declined to produce documents (or portions thereof) that contained private information about third parties, including about the three still-living Oklahoma drug dealers. In declining to produce such information, the FBI cited FOIA Exemption 7(C). That exemption authorizes the Government to withhold law enforcement files the disclosure of which “could reasonably be expected to constitute an unwarranted invasion of personal privacy.” 5 U.S.C. § 552(b)(7)(C).
Interpreting Exemption 7(C), the Supreme Court and this Court have ruled that FOIA ordinarily is not a proper tool for the public to obtain information from law enforcement files relating to a criminal prosecution when disclosing the information would infringe the privacy interests of third parties. See Dep’t of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 761-71, 780, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989); see also Nat’l Archives & Records Admin. v. Favish, 541 U.S. 157, 173-75, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004); Martin v. Dep’t of Justice, 488 F.3d 446, 457 (D.C.Cir.2007); Boyd v. Criminal Division of the Dep’t of Justice, 475 F.3d 381, 387-88 (D.C.Cir. 2007); Oguaju v. United States, 378 F.3d 1115, 1116-17 (D.C.Cir.2004); Schrecker v. Dep’t of Justice, 349 F.3d 657, 666 (D.C.Cir.2003); Spirko v. U.S. Postal Serv., 147 F.3d 992, 998-99 (D.C.Cir.1998); Computer Professionals for Social Re *1188 sponsibility v. U.S. Secret Serv., 72 F.3d 897, 903-05 (D.C.Cir.1996); Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 896 (D.C.Cir.1995); Davis v. Dep’t of Justice, 968 F.2d 1276, 1281-82 (D.C.Cir. 1992); SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1205-06 (D.C.Cir.1991); Fitzgibbon v. CIA 911 F.2d 755, 767-68 (D.C.Cir.1990); King v. Dep’t of Justice, 830 F.2d 210, 233-35 (D.C.Cir.1987); Fund for Constitutional Gov’t v. Nat’l Archives & Records Serv., 656 F.2d 856, 861-66 (D.C.Cir.1981); Baez v. Dep’t of Justice, 647 F.2d 1328, 1337-39 (D.C.Cir.1980); cf. Morgan v. Dep’t of Justice, 923 F.2d 195, 198 (D.C.Cir.1991); North v. Walsh, 881 F.2d 1088,1094 (D.C.Cir.1989).
As this Court has said, “privacy interests are particularly difficult to overcome when law enforcement information regarding third parties is implicated.” Martin, 488 F.3d at 457. Moreover, “the Supreme Court has made clear that requests for such third party information are strongly disfavored.” Id. In the context of an Exemption 7(C) challenge, the Supreme Court has stated that “disclosure of records regarding private citizens, identifiable by name, is not what the framers of the FOIA had in mind.” Reporters Committee, 489 U.S. at 765, 109 S.Ct. 1468. As the courts have explained, the public interest in ensuring that innocent people are not wrongly convicted or subjected to prosecutorial or investigative misconduct is properly vindicated in the ordinary criminal and civil litigation processes — where personal privacy is not as weighty a consideration as it is under FOIA. See Fed. R. Crim.P. 16; Brady v. Maryland, 373 U.S. 83, 86, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); see also Fed.R.CivP. 26; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971); 42 U.S.C. § 1983.
Roth argues that the requested documents would show that the Federal Government withheld exculpatory information and violated its Brady obligations with respect to Bower’s 1984 Texas state-court trial. But the claimed Brady violation has been addressed in Bower’s criminal and habeas proceedings and, as our precedents have consistently indicated, does not suffice to override the privacy interests of third parties named in such law enforcement files. See, e.g., Martin, 488 F.3d at 457; Boyd, 475 F.3d at 387-88; Oguaju, 378 F.3d at 1117.
Roth also suggests — albeit only in passing — that this case is not controlled by the settled FOIA precedents because those cases are about proving the defendant’s innocence at trial. Here, according to Roth, the requested documents, in conjunction with the witnesses who emerged after trial, could demonstrate Bower’s innocence during the ongoing post-conviction proceedings. The majority opinion has accepted Roth’s argument and distinguished (i) the public interest in showing a criminal defendant’s innocence at trial from (ii) the public interest in showing a criminal defendant’s innocence during a post-conviction proceeding. In my view, that distinction makes little sense under Exemption 7(C) and finds no support in the case law. For purposes of FOIA, Roth’s post-conviction theory does not differ in any meaningful way from the Brady-based theory that our precedents have consistently rejected. After all, if FOIA does not require disclosure of private information that could exonerate a man at trial, how can FOIA require disclosure of private information that could exonerate a man in a post-conviction habeas or clemency proceeding? The majority opinion cannot persuasively answer that question.
The FOIA precedents set forth a clear juridical principle — namely, that FOIA or *1189 dinarily cannot be used to obtain private information from law enforcement files relating to a criminal prosecution. Consistent with the statutory text — which refers to disclosures that “could reasonably be expected to constitute an unwarranted invasion of personal privacy,” 5 U.S.C. § 552(b)(7)(C) (emphasis added) — the Supreme Court has specifically promoted the use of categorical rules in FOIA Exemption 7(C) cases. See Dep’t of Justice v. Landano, 508 U.S. 165, 177, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993) (Reporters Committee’s “approval of a categorical approach was based in part on the phrase ‘could reasonably be expected to,’ which Congress adopted in 1986 to ease the Government’s burden of invoking Exemption 7 and to replace a focus on the effect of a particular disclosure with a standard of reasonableness ... based on an objective test”) (internal quotation marks and citations omitted; alteration in original). The Court has stated that “categorical decisions may be appropriate and individual circumstances disregarded when a case fits into a genus in which the balance characteristically tips in one direction.” Reporters Committee, 489 U.S. at 776, 109 S.Ct. 1468; cf. NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 236, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978) (similarly approving generic categorical approach under Exemption 7(A)). In such instances, “a disparity on the scales of justice holds for a class of cases without regard to individual circumstances; the standard virtues of bright-line rules are thus present, and the difficulties attendant to ad hoc adjudication may be avoided.” Reporters Committee, 489 U.S. at 780, 109 S.Ct. 1468.
To borrow the words of Reporters Committee, the balance tips — and characteristically will tip — in favor of non-disclosure when a requester seeks private information about third parties contained in files related to a criminal prosecution. The privacy interests of third parties who are named in law enforcement documents are invariably strong. Indeed, the majority opinion acknowledges that those interests are “significant.” Maj. Op. at 1174. And the public interest in accurately assessing criminal liability or exposing prosecutorial or investigative misconduct is invariably lessened in the FOIA context by the existence of traditional criminal and civil litigation processes where that public interest is directly addressed. Therefore, the Reporters Committee categorical approach is appropriate here.
The majority opinion argues that the case law has not specifically articulated such a categorical principle. It is true that the precedents have not set forth expansive reasoning in rejecting arguments of the kind advanced by Roth here, no doubt because the argument is ultimately insufficient as a matter of FOIA law. Here, because the majority opinion is charting a new course, I have attempted to explain the essential reasoning that undergirds those many decisions. The majority opinion counters that the FOIA public interest is not lessened merely because there are other avenues for obtaining information from the government relating to a criminal prosecution. But what reason other than the existence of those alternative forums could support our long line of cases rejecting FOIA requests for private information in law enforcement files related to a criminal prosecution? After all, considered in isolation from the other criminal and civil processes, the public interest in ensuring that an innocent person is not wrongly imprisoned is extraordinarily high, yet it is routinely deemed insufficient in Exemption 7(C) cases. The reason is evident: Other criminal and civil processes exist to vindicate that public interest. The majority opinion purports to accept the holdings of our prior cases rejecting claims like *1190 Roth’s, but it rejects their essential rationale and offers no other rationale to explain those decisions.
For present purposes, the key point is that there is a long line of precedent rejecting the kind of argument advanced here by Roth. Those cases have established in common-law-like fashion a principle that FOIA ordinarily does not authorize- disclosure when a requester seeks private information about third parties contained in files related to a criminal prosecution. Recognizing that principle is consistent with — indeed encouraged by— Reporters Committee.
Reaching farther afield, the majority opinion also cites a non-7(C) case saying that the availability of discovery does not defeat a FOIA claim “where no exemption otherwise applies.” Maj. Op. at 1183 (citing Morgan v. Dep’t of Justice, 923 F.2d 195, 198 (D.C.Cir.1991)). Of course that’s true. But that’s not the issue here. The question here concerns how to weigh public and privacy interests in 7(C) cases. In the Exemption 7(C) context, the cases establish that the asserted public interest in determining a defendant’s guilt is lessened because that interest is vindicated in the ordinary criminal and civil processes.
In the end, the majority opinion distinguishes away a slew of applicable precedents by decreeing a new death penalty exception that overrides Exemption 7(C)’s protection of personal privacy. The result in this FOIA case, by the majority opinion’s own admission, would be different if Bower were serving a sentence of life imprisonment. Of course, the information sought here goes to Bower’s guilt, not to his sentence. The majority opinion’s reasoning, which rests on Bower’s death sentence, is thus an odd fit with the nature of the information sought. Beyond that, the major problem with the majority opinion’s approach is that there is no statutory or precedential support for creating a new death penalty exception to the important privacy protection in Exemption 7(C). Creating any such exception is a decision properly left to Congress and the Executive Branch. In justifying its new death penalty exception, the majority opinion lobs a rhetorical volley, saying that the opposing position would allow the government to deliberately and knowingly kill an innocent man. That is wildly inaccurate. The traditional processes such as habeas, clemency, and the like are constitutionally and statutorily designed to prevent such a travesty of justice. As the Supreme Court said, “the framers of the FOIA” did not have in mind “disclosure of records regarding private citizens, identifiable by name.” Reporters Committee, 489 U.S. at 765, 109 S.Ct. 1468. Moreover, if federal government officials are violating their legal and ethical disclosure responsibilities in the criminal justice and clemency forums, it is unclear why the majority opinion thinks those same officials would suddenly comply with FOIA orders.
Here as elsewhere, general or categorical principles can be overcome in extraordinary cases. Cf. Herrera v. Collins, 506 U.S. 390, 425-26, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (O’Connor, J., concurring). In this case, however, Roth seeks to undermine Bower’s conviction and show alleged prosecutorial misconduct — interests that have been routinely asserted and rejected in FOIA cases as insufficient to override Exemption 7(C)’s protection for personal privacy. See, e.g., Martin, 488 F.3d at 457; Boyd, 475 F.3d at 387-88; Oguaju, 378 F.3d at 1116-17; Spirko, 147 F.3d at 998-99; Computer Professionals for Social Responsibility, 72 F.3d at 903-05. Claims of innocence and prosecutorial or investigative misconduct of one form or another — failing to disclose relevant evidence, pressuring witnesses, encouraging *1191 or allowing false testimony, for example— are standard arguments by the defense in federal criminal prosecutions. The criminal process is designed to expose and resolve such charges and counter-charges. And civil jBivens and § 1983 actions are available as well for citizens to seek redress for prosecutorial or investigative misconduct. FOIA, by contrast, was not designed to require public disclosure of private information in order to serve those purposes.
* * *
In other forums, Bower has rightly been able to obtain discovery from the Government and challenge his guilt. Our legal system accommodates pre-conviction claims of innocence through the criminal trial itself. And our legal system accommodates post-conviction claims of innocence — including those based on newly discovered evidence — through new trial motions, appeals, habeas proceedings, the executive clemency process, and in recent times DNA procedures such as the process that Texas has employed in Bower’s case. See generally Herrera, 506 U.S. at 411-16, 113 S.Ct. 853. If there are questions about Bower’s guilt, those are the proper forums for resolving those questions. I believe it essential for judicial and executive officials to ensure — particularly in death penalty cases — that claims of innocence based on newly discovered evidence are properly explored. But given FOIA’s critical protection for personal privacy and the many other processes available for vindicating a defendant’s innocence claim, the Supreme Court and this Court have held that FOIA ordinarily is not an appropriate tool to obtain information from law enforcement files relating to a criminal prosecution when disclosure would infringe the privacy interests of third parties. That settled principle controls this case.
I respectfully dissent from the majority opinion’s decision regarding Exemption 7(C).

. I join Part III of the majority opinion, which addresses Exemption 7(D). I dissent from Part II, which addresses Exemption lic). This separate opinion focuses solely on the Exemption 7(C) issue.