# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed February 13, 2024

No. 20-5203

CLETUS WOODROW BOHON, ET AL.,
APPELLANTS

v.

FEDERAL ENERGY REGULATORY COMMISSION, ET AL.,
APPELLEES

———

On Remand from the Supreme Court of the United States

———

*Mia Yugo* argued the cause for appellants.  With her on the briefs was *John R. Thomas Jr.*

*Robert H. Solomon*, Solicitor, Federal Energy Regulatory Commission, argued the cause for appellee.  With him on the brief were *Matthew R. Christiansen*, General Counsel, and *Scott Ray Ediger*, Attorney.

*Jeremy C. Marwell* argued the cause for Mountain Valley Pipeline, LLC, appellee.  On the brief were *Brian D. O'Neill* and *Wade W. Massie.*  *Michael R. Pincus* entered an appearance.

Before: PILLARD, WILKINS and WALKER, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* WALKER.

WALKER, *Circuit Judge*: Mountain Valley Pipeline, LLC wants to transport natural gas through the Appalachian Mountains. It sought permission from the Federal Energy Regulatory Commission to build a pipeline that begins in West Virginia and ends some 300 miles later in southern Virginia. Over the objection of several landowners in the pipeline's path, FERC awarded Mountain Valley a certificate to build and operate the pipeline.

Opponents of the pipeline sought a rehearing from FERC. And when that failed, they petitioned for review of FERC's certificate in this court. Among other things, they argued that Mountain Valley could not constitutionally use the certificate to take private property in the path of the pipeline through eminent domain. We denied their petition in *Appalachian Voices v. FERC*, No. 17-1271, 2019 WL 847199, at *1-2 (D.C. Cir. Feb. 19, 2019).

The plaintiffs in today's case — including Cletus and Beverly Bohon — did not join that petition or request an agency rehearing. Instead, after we decided *Appalachian Voices*, they sued FERC and Mountain Valley in federal district court. Like the *Appalachian Voices* petitioners, the Bohons raised constitutional challenges to the certificate's authorization for Mountain Valley to use eminent domain and seize their land.

The district court dismissed the Bohons' suit for lack of jurisdiction. When the Bohons appealed the district court's decision, we affirmed. *See Bohon v. FERC*, 37 F.4th 663, 664-65 (D.C. Cir. 2022). We held that § 717r(b) of the Natural Gas Act explicitly denied a district court jurisdiction to review a certificate after a federal court of appeals had considered a

petition challenging that certificate. *Id.* at 665. In other words, the Bohons' suit came too late.

Last year, the Supreme Court granted the Bohons' petition for a writ of certiorari, vacated our judgment, and remanded for further consideration given the intervening decision in *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023). *See Bohon v. FERC*, 143 S. Ct. 1779 (Apr. 24, 2023) (mem.). We then ordered supplemental briefing about *Axon*'s effects on our earlier judgment.

After a careful review of *Axon* and the parties' briefs, we again conclude that the Natural Gas Act explicitly strips district courts of jurisdiction to review a FERC certificate after a court of appeals receives the record in a suit challenging that certificate. We therefore reinstate our previous judgment affirming the district court. *See, e.g.*, *Oguaju v. United States*, 378 F.3d 1115, 1116-17 (D.C. Cir. 2004).[1]

\* \* \*

We begin with the text of the Natural Gas Act — specifically, 15 U.S.C. § 717r(b). It says that a party challenging a FERC order must first seek a rehearing and may

---

[1] Additionally, we sought briefing on the recently enacted Fiscal Responsibility Act. *See* Fiscal Responsibility Act of 2023, Pub. L. No. 118-5, § 324, 137 Stat. 10, 47-48. FERC and Mountain Valley argued that the Act moots this case and strips all federal courts of jurisdiction to review Mountain Valley's certificate. *See id.* at § 324(c)(1), (e)(1), 137 Stat. at 47-48. But we need not consider that law's effects (or constitutionality) because we can decide jurisdictional questions in any order, and we affirm the district court's conclusion that it lacked jurisdiction due to the Natural Gas Act. *See United States v. Johnson*, 254 F.3d 279, 287 n.11 (D.C. Cir. 2001).

then petition a court of appeals for review. That "court shall have jurisdiction . . . to affirm, modify, or set aside such order in whole or in part." 15 U.S.C. § 717r(b). Crucially for our purposes, "upon the filing of the record with" the court of appeals, that court's jurisdiction over the challenged order "*shall be exclusive*." *Id.* (emphasis added). And subject only to Supreme Court review, that court's decisions are "final." *Id.*

Put differently, district courts are explicitly stripped of their jurisdiction to review a FERC order once the record in a petition challenging that order is filed in a court of appeals. *Cf. Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider.").

That is what happened here. The record in *Appalachian Voices* was filed with our court in 2018. The petitioners there challenged the constitutionality of the FERC certificate injuring the Bohons. In 2020, the Bohons sued, invoking constitutional arguments about the same certificate. But according to 15 U.S.C. § 717r(b), district court jurisdiction to hear challenges to the certificate ended once the record in *Appalachian Voices* had been filed with our court, even though the Bohons were not a party in that earlier case.

The district court was correct to conclude that it lacked jurisdiction. Given the explicit text of the Natural Gas Act, the district court had been divested of jurisdiction for almost two years by the time the Bohons sued to challenge the certificate. 15 U.S.C. § 717r(b).

\* \* \*

In *Axon Enterprise, Inc. v. FTC*, the Supreme Court considered a set of three factors that it first articulated in

*Thunder Basin Coal Co. v. Reich* to determine when a statutory scheme implicitly strips a district court of jurisdiction. *See* 598 U.S. 175, 185-86 (2023) (citing *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207-13 (1994)). After applying the factors, *Axon* held that there was no implicit jurisdiction stripping of the parties' claims. *Id.* at 195-96.

The Bohons point to superficial similarities between the constitutional challenges to administrative proceedings in their case and in *Axon*. For example, like the review schemes in *Axon*, the Natural Gas Act provides for direct review by a court of appeals of some final agency orders. *See* 15 U.S.C. § 78y(a) (Securities Exchange Act); 15 U.S.C. § 45(c)-(d) (Federal Trade Commission Act); 15 U.S.C. § 717r(b) (Natural Gas Act). And like the Bohons, the parties in *Axon* raised structural constitutional challenges in district court. *See Axon*, 598 U.S. at 181-82.

But there is one unavoidable and critical difference: *Bohon* involves explicit jurisdiction stripping and *Axon* did not. That's because the *Axon* plaintiffs sued *before* there was an agency order to challenge. And at that point in the administrative process, the relevant statutes were *silent* about the district court's jurisdiction. *See id.* In contrast, the Bohons sued *after* there was an agency order to challenge — indeed, after the agency order had already been challenged. The relevant statute was anything but silent by then. It *expressly* says our jurisdiction over the certificate injuring the Bohons is "exclusive."[2]  15 U.S.C. § 717r(b).

_____

[2] As we noted in our previous opinion, "the Bohons asked the district court to declare . . . that all past certificates (including Mountain Valley's) are void. They also sought an injunction that would prevent FERC from issuing any certificates in the future and would prevent certificate holders like Mountain Valley from exercising

To illustrate how dissimilar this case is from *Thunder Basin* and *Axon*, consider that its outcome would not change even if Justice Gorsuch's *Axon* concurrence controlled.  He called *Thunder Basin*'s multi-factor balancing approach "sheer incoherence" and would have overruled it entirely.  *Axon*, 598 U.S. at 205 (Gorsuch, J., concurring in judgment).  But he also said that under the statutes at issue in *Axon*, a district court lacks jurisdiction after an administrative record reaches a court of appeals.  *Id.* at 211 (Gorsuch, J., concurring in judgment).  That principle would require us to again do what we did before *Axon* — affirm the district court's dismissal of this suit.

\*   \*   \*

To sum up, *Axon* clarified how courts should apply *Thunder Basin*'s three factors to assess if a statute implicitly strips jurisdiction over a particular claim.  But the outcome of today's case does not depend on statutory implications, *Thunder Basin*'s multi-factor test, or *Axon*'s application of those factors.  Instead, this case is controlled by the text of the Natural Gas Act, where Congress explicitly exercised its constitutional power to define the jurisdiction of federal courts. *See Bowles*, 551 U.S. at 212.  Nothing in *Axon* requires us to ignore that text or allows us to displace it.

---

their delegated eminent-domain authority."  *Bohon*, 37 F.4th at 664-65.  But the Bohons cannot challenge the constitutionality of all past (and future) certificates without jurisdiction to challenge the one actually or imminently injuring them — here, Mountain Valley's certificate. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 573-74 (1992).  And as explained above, their challenge to that certificate was beyond the jurisdiction of the district court.

We therefore incorporate by reference the reasoning of our earlier *Bohon* opinion and reinstate our judgment affirming the district court's decision to dismiss this suit.

*So ordered.*